U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 FEB 23 AM 11:00

CLERK

BY ____(signature)____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# DISTRICT OF VERMONT

| | | |
|---|---|---|
| **ROSEMARIE SIBLEY**, *et al.* | § | Civil Action No. 2:21-CV-196-CR |
| Individually and on behalf | § | |
| of all others similarly situated, | § | |
| | § | |
| *Plaintiffs*, | § | JURY TRIAL DEMANDED |
| | § | |
| v. | § | |
| | § | COLLECTIVE ACTION |
| **CASELLA WASTE SYSTEMS, INC.** | § | PURSUANT TO 29 U.S.C. § 216(b) |
| | § | |
| *Defendant.* | § | FRCP 23 CLASS ACTION |

## JUDGMENT

WHEREAS, Plaintiffs Rosemarie Sibley, Kenneth Messom, Kenneth Webb, and Anthony Corey, individually and on behalf of all others similarly situated ("Representative Plaintiffs") and Defendant, Casella Waste Systems, Inc. ("Defendant" or "Casella") entered into a Collective and Class Action Settlement Agreement and its corresponding Addendum (collectively the "Agreement");

WHEREAS, on August 10, 2023, the Court entered an Order that, among other things, (a) preliminarily certified, pursuant to Federal Rule of Civil Procedure 23, a class action for the purposes of settlement only; (b) approved the form of the Notice Packet to Collective/Class Members, and the method of dissemination thereof; (c) directed that appropriate notice of the settlement be given to the Collective and Class; and (d) set a hearing date for Final Fairness Hearing. ECF No. 82.

WHEREAS, on November 14, 2023, the Court entered an Order preliminarily approving the Parties Addendum to the Agreement and reset the hearing date for the Final Fairness Hearing. ECF Nos. 95–96.

WHEREAS, the notice to the Collective/Class Members ordered by the Court in its Order has been provided, as attested to in the Declaration of Makenna Snow, filed with the Court on February 13, 2024. ECF No. 99.

WHEREAS, on February 23, 2024, a hearing was held on whether the settlement set forth in the Agreement was fair, reasonable, adequate, and in the best interests of the Class, such a hearing date being a due and appropriate number of days after such notice to the Class;

NOW THEREFORE, having reviewed and considered the submissions presented with respect to the settlement set forth in the Agreement and the record in these proceedings, having heard and considered the evidence presented by the parties and the argument of counsel, having determined that the settlement set forth in the Agreement is fair, reasonable, adequate, and in the best interests of the Class, and noting that, as set forth in the Agreement, and good cause appearing therefore orders as follows,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED:

1. The Court incorporates by reference the definitions set forth in the Agreement and Addendum. *In addition, the court incorporates by reference its findings of fact, conclusions of law, and its rulings on the record at the court's February 23, 2023 hearing.*

2. This Court has personal jurisdiction over all Representative Plaintiffs, FLSA Collective Members, and Rule 23 Class Members, and has subject matter jurisdiction over all claims asserted in the Third Amended Collective/Class Action Complaint. In addition, venue in the District of Vermont is proper.

3. The Agreement is approved as fair, reasonable, and adequate, consistent and in compliance with the applicable provisions of the United States Constitution and the Federal Rules of Civil Procedure, and in the best interest of the Class and Collective. The Agreement is binding on, and will have *res judicata* and preclusive effect in all pending and future lawsuits or other

proceedings encompassed by the Agreement and the Release maintained either by or on behalf of Representative Plaintiffs and all other Settlement Class Members and Settlement Collective Members, as well as their past, current, and future heirs, representatives, executors, administrators, attorneys, predecessors, successors, and assigns.

4. The Notice of Class Action Settlement provided pursuant to the Agreement and the Order Granting Preliminary Approval of Class Settlement:

> (a) Constituted the best practicable notice, under the circumstances;
>
> (b) Constituted notice that was reasonably calculated to apprise the Class Members of the pendency of this lawsuit, their right to object or exclude themselves from the proposed settlement, and to appear at the Fairness Hearing;
>
> (c) Was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and
>
> (d) Met all applicable requirements of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution because it stated in plain, easily understood language the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through an attorney if the member so desires; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on members under Rule 23(c)(3).

5. For settlement purposes only, that the Class satisfies the applicable standards for certification under Fed. R. Civ. P. 23(a) and (b)(3).

6. The Agreement in this action warrants final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure because it is fair, adequate, and reasonable to those it affects, and resulted from vigorously contested litigation, including meaningful discovery, motion practice, and extensive good-faith arm's length negotiations between the parties.

7. The Agreement in this action warrants approval pursuant to 29 U.S.C. § 216(b) because it constitutes the fair, adequate, and reasonable resolution of a *bona fide* dispute, and is approved under the FLSA.

9. Rosemarie Sibley, Kenneth Messom, Kenneth Webb, and Anthony Corey are the Representative Plaintiffs for the Class and Collective and they will fairly and adequately represent their respective Class/Collective Members.

10. Collective/Class Counsel and the Representative Plaintiffs adequately represented the Class and Collective for purposes of entering into and implementing the settlement.

13. Class Counsel's requested fees and expenses under the Agreement, and as set out in their Motion for Fees and Costs (ECF No. 100) are fair and were reasonably and necessarily incurred.

14. The Enhancement Payment for the Representative Plaintiffs, as set forth in the Agreement, are approved and the Representative Plaintiffs shall each be entitled to receive $2,500.00 to compensate them for their unique services in initiating and/or maintaining this litigation.

15. ILYM Group, Inc.'s expenses for administering the settlement, including the distribution of Notice and the settlement funds, are reasonable and are approved.

16. Nothing relating to this Order, or any communications, papers, or orders related to the Agreement, shall be cited to as, construed to be, admissible as, or deemed an admission by Defendant or the Defendant Releasees of any liability, culpability, negligence, or wrongdoing

toward the Representative Plaintiffs, Collective Members, Class Members, or any other person, or that class action certification is appropriate in this or any other matter. There has been no determination by any Court as to the merits of the claims asserted by Representative Plaintiffs against Defendant or as to whether a class should be certified, other than for settlement purposes only. Furthermore, nothing in the parties' Agreement shall be cited to as, construed to be, admissible as, or considered any form of waiver of any alternative dispute resolution agreements, provisions, or policies by Defendant.

17. In consideration of the consideration paid under the Agreement, and for other good and valuable consideration, each of Settlement Class Members and Settlement Collective Members shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and discharged all of their respective Released Claims against Defendant in accordance with the terms of the Agreement.

18. In the event that the Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, *nunc pro tunc*, and without prejudice to the status quo ante rights of Plaintiffs, Collective Members, Class Members, and Defendant.

19. All Settlement Class Members and/or their representatives who have not been excluded from the Class are permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from any other lawsuit (including putative class action lawsuits), arbitration, administrative, regulatory, or other proceeding, order, or cause of action in law or equity in any jurisdiction that is in any way related to the lawsuit and the Released Claims.

20. The Court retains jurisdiction over all proceedings arising out of or related to the Agreement.

21. This lawsuit (including all individual claims, Collective claims, and Class claims presented thereby) is dismissed on the merits and with prejudice, without fees or costs to any party, except as provided above and/or in the Agreement.

IT IS SO ORDERED the 23rd day of February, 2024.

Judge Christina Reiss
United States District Court Judge

**JUDGMENT ENTERED ON DOCKET**
**DATE: 2/23/2024**